UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. CR 99-116T |
| | : | |
| FRANK MICHAELS | : | |

# REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on September 20, 2005, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge Ernest C. Torres. Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of six (6) months of incarceration, followed by a term of supervised release for a period of twenty-seven (27) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer; that Defendant submit to no more than seventy-two urine specimens per year and abstain from the use of alcohol and/or intoxicants; that Defendant**

SCANNED

**participate in outpatient mental health treatment as approved by the United States Probation Officer. Finally, I recommend that Defendant be ordered to satisfy the outstanding balance of the $4,008.00 restitution originally ordered.**

## Background

On September 16, 2005, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On September 19, 2005, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant was arrested and appeared in Court on September 20, 2005. On September 20, 2005, Defendant knowingly and voluntarily admitted to the following charge and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The defendant shall serve the first five months of supervised release in community confinement in a residential, inpatient program for the treatment of substance abuse. Pending placement into such a program, the defendant shall be on home confinement with electronic monitoring.**
>
> On September 14, 2005, Mr. Michaels was unsuccessfully discharged from the Rhode Island Adult Correctional Institution's Work Release Program in Cranston, Rhode Island, after having engaging in disruptive and threatening activities with guards and inmates.

As the Defendant has admitted this charge, I find he is in violation of the terms and conditions of his supervised release.

## Recommended Disposition

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release has already been imposed.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation. However, since Defendant has already served sixty-six days as a result of a previous revocation, the statutory maximum term of imprisonment remaining is one year and 299 days.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised

release is three years. There has been a term of sixty-six days' imprisonment previously imposed for a violation of supervised release. Therefore, the Court may impose thirty-three months and fourteen days, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed Grade C violations and the statutory maximum term of supervised release has already been imposed. Therefore, the court may not extend supervision, but may revoke or modify supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised

release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is an outstanding restitution in the amount of $1,901.00 plus interest.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of III at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation

and has a Criminal History Category of III. Therefore, the applicable range of imprisonment for this violation is five to eleven months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

The applicable guideline range for Defendant's admitted violation is five to eleven months. The Government initially requested a high-end or eleven-month sentence. Because Defendant admitted and waived a revocation hearing, the Government reduced its request to a mid-range or eight-month sentence. Defendant argued that further incarceration would be unproductive, and he requested another chance at community or home confinement.

Defendant argued that the altercation at the ACI was the result of him being antagonized by the correctional officers. Although he admitted to the violative behavior, Defendant seems to be arguing that he was provoked. On August 9, 2005, Defendant appeared before this Court on a prior set of charged supervised release violations including consumption of alcohol in June and July, using drugs in July and failing to participate in substance abuse and mental health treatment. Defendant also was convicted on a state charge of disorderly conduct, and involved in another incident which included public urination in front of children and resulted in Defendant being assaulted. Defendant's behavior during that period of time was described by this Court as "out of control." However, this Court agreed to give Defendant another chance, and community confinement was recommended and accepted by the District Court.

That approach was unsuccessful. Although Defendant will not benefit from further incarceration, he needs to be sent a stronger message. This Court recommends a low-end sentence of six months' incarceration. This sentence is essentially equal to the sentence imposed on Defendant in August except that he is not being again granted the privilege of serving the sentence in community confinement. Defendant has wasted that opportunity due to his temper and behavior regardless of whether he was provoked. Defendant should have controlled his behavior and pursued any complaints about his treatment through appropriate channels.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of six (6) months of incarceration, followed by a term of supervised release for a period of twenty-seven (27) months. I further recommend that, while on supervised release, Defendant participate in an outpatient or inpatient substance abuse treatment program as approved by the United States Probation Officer; that Defendant submit to no more than seventy-two urine specimens per year and abstain from the use of alcohol and/or intoxicants; that Defendant participate in outpatient mental health treatment as approved by the United States Probation Officer. Finally, I recommend that Defendant be ordered to satisfy the outstanding balance of the $4,008.00 restitution originally ordered.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to

review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
September 21, 2005