UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. CR 99-116T |
| | : | |
| FRANK MICHAELS | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on October 20, 2006, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violation. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge Ernest C. Torres. Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of six (6) months of incarceration. I also recommend that Defendant be ordered to satisfy the outstanding balance of the $4,008.00 restitution originally ordered.**

**Background**

On August 2, 2006, the Probation Office petitioned the Court for the issuance of a Summons. On August 2, 2006, the District Court reviewed the request and ordered the issuance of a Summons.

Defendant appeared in Court on October 20, 2006. On October 20, 2006, Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The defendant shall submit a truthful and complete written report within the first five days of each month.**
>
> Mr. Michaels has failed to submit his May 2006 and June 2006 monthly reports to the U.S. Probation Office.
>
> **The defendant shall follow the instructions of the probation officer.**
>
> Mr. Michaels failed to seek out employment as directed by USPO Borrelli on June 9, 2006, June 13, 2006, June 27, 2006, July 7, 2006 and July 11, 2006.
>
> **The defendant shall follow the instructions of the probation officer.**
>
> Mr. Michaels failed to attend mental health treatment and substance abuse treatment as directed by USPO Borrelli on May 18, 2006, May 25, 2006, June 9, 2006, June 13, 2006 and June 27, 2006.
>
> **The defendant shall refrain from excessive use of alcohol.**
>
> Mr. Michaels abused alcohol from July 14, 2006 until July 17, 2006 as evidenced by his admission on July 17, 2006 and July 18, 2006.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

## Recommended Disposition

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release is

three years. A term of sixty-six days has already been imposed. Therefore, supervised release can be extended for up to thirty-four months and twenty-four days, resulting in a total of three years.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation. However, since Defendant has already served sixty-six days' imprisonment as a result of a previous revocation, the statutory maximum term of imprisonment remaining is twenty-one months and twenty-four days.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in

the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is thirty-four months and twenty-four days, and there has been a term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed Grade C violations. Therefore, the Court may revoke or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is an outstanding restitution in the amount of $2,437.00 plus interest.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of III at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade C violation and has a Criminal History Category of III. Therefore, the applicable range of imprisonment for this violation is five to eleven months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant is no stranger to this Court. He has appeared before me for violation proceedings on four occasions and appeared before my predecessor, Magistrate Judge Lovegreen, on one occasion. Defendant suffers from alcoholism, and his noncompliance typically stems from his use of drugs and/or alcohol. Defendant has been given multiple "second chances" and, according to Probation, has only served a total of seventy-seven days of incarceration on his previous violations.

Defendant pled guilty to bank robbery and was sentenced in 2000 to thirty-seven months' incarceration, three years' supervised release with conditions (including community service) and $4,008.00 victim restitution. Defendant served the thirty-seven months but has otherwise failed to repay the debt imposed for his crime. For instance, as to victim restitution, Defendant has an outstanding restitution balance of $2,437 according to the violation report, despite the fact that it has been over four years since he finished his prison term. In addition, a significant part of the restitution paid to date came in the form of a "credit" of $1,125.00 made with the money seized from Defendant at the time of his arrest in 1999. Thus, Defendant has not made significant progress towards victim restitution since his release. As to community service, Defendant was sentenced to perform thirty hours each week he was not employed. On November 30, 2004, Probation alleged that Defendant was over 500 hours in arrears as to community service. See Document No. 31. On

March 17, 2005, Chief Judge Torres gave Defendant a "break" and granted him an excuse for "past due" community service hours and a conditional excuse for future hours. See Document No. 42.

As to his general compliance with supervised release conditions, Defendant has had a pattern of noncompliance. He has been the subject of at least one violation petition each year, and thus has never been able to go a full year in compliance.

Accordingly, other than serving a thirty-seven month term of incarceration, Defendant has failed to otherwise complete his sentence for bank robbery. At the most recent violation hearing, the Government essentially threw up its hands in frustration and asked for a maximum eleven-month sentence with no further supervision. Defendant's counsel noted Defendant's history of alcoholism and mental health treatment and argued that Defendant needs help, not jail.

While Defendant's argument has some appeal on its face, it ignores the fact that the record shows that Defendant has been provided with help in lieu of jail on multiple occasions and he has not positively responded. Since his release in August 2002, Defendant has received outpatient treatment at Newport County Mental Health, CODAC and Child and Family Services ("CFS"), and inpatient treatment at Gosnold Treatment Center, Miller House and Kent House. The Government has spent in excess of $17,000.00 on such treatment, yet Defendant continues to ignore even the most basic conditions of supervision. Defendant has not taken advantage of the resources offered to him, and his noncompliance has wasted significant time and resources for all involved. In fact, one of the allegations admitted to in the instant case is that Defendant failed to participate in mental health and substance abuse treatment as directed by his Probation Officer. Defendant failed to keep appointments in May and June 2006 with CFS and was discharged from CFS on June 27, 2006 for

lack of contact. Defendant also failed to contact CODAC as specifically requested by his Probation Officer on June 28, 2006.

Since Defendant has not responded well to supervision, this Court agrees with the Government's position that no further period of supervision is warranted. This Court does not, however, agree that a maximum sentence of eleven months under the Guidelines is warranted. Defendant has admitted to Grade C violations in this case and it is not alleged that he has reverted to any serious criminal behavior. Although his continued noncompliance is frustrating, it does not warrant a maximum sentence. For the reasons discussed above, this Court recommends a low-end sentence of six months' incarceration with no further supervision.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of six (6) months of incarceration. I also recommend that Defendant be ordered to satisfy the outstanding balance of the $4,008.00 restitution originally ordered.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. LR Cv 72; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND

United States Magistrate Judge
October 23, 2006