UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. CR 99-116T |
| | : | |
| FRANK MICHAELS | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on December 21, 2007, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Senior District Judge Ernest C. Torres. Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be released on a time-served sentence to be followed by a final one-month period of supervised release to allow Defendant's Probation Officer to assist him in coordinating post-release mental health and/or substance abuse treatment for Defendant.**

**Background**

On September 7, 2007, the Probation Office petitioned the Court for the issuance of a warrant. On September 13, 2007, the District Court reviewed the request and ordered the issuance of a warrant. Defendant appeared in Court on December 21, 2007 after completion of a state sentence. On December

21, 2007, Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> On August 24, 2007, Mr. Michaels committed the offense of simple assault as evidenced by his arrest by the Newport, Rhode Island Police Department.
>
> **While on supervision, the defendant shall not commit another federal, state, or local crime.**
>
> On August 28, 2007, Mr. Michaels committed the offense of simple assault as evidenced by his arrest by the Newport, Rhode Island Police Department.
>
> **The defendant shall submit a truthful and complete written report within the first five days of each month.**
>
> Mr. Michaels failed to submit his monthly reports for May 2007, June 2007 and July 23007, monthly reports which were due on June 5, 2007, July 5, 2007 and August 5, 2007 respectively.
>
> **For every week the defendant is not employed full-time, he shall complete fifteen hours of community service as approved by the U.S. Probation Department.**
>
> Mr. Michaels failed to complete community service at the Salvation Army, Newport, Rhode Island, as directed by USPO Borrelli on May 29, 2007.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term

was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation. However, since Defendant has already served ten months and six days' imprisonment as a result of one ore more previous revocations, the statutory maximum term of imprisonment remaining is thirteen months and twenty-four days.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is thirty-six

months. There has been a total of ten months and six days' imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the ten months and six days previously imposed, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed three Grade C violations. Therefore, the Court may revoke or modify the conditions of supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for

any portion of the minimum term. The first provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is an outstanding restitution in the amount of $1,901.00, plus interest.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of III at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed three Grade C violations and has a Criminal History Category of III. Therefore, the applicable range of imprisonment for this violation is five to eleven months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant is well known to this Court. He has been on supervised release since 2002 and has been the subject of several violation cases. His term of supervised release has, at best, been unproductive and, at worst, been a disaster. Defendant is no closer to becoming a productive citizen than when he was released in 2002.

Defendant's current violation case arises primarily out of two assaults committed by him within a one-week period in August 2007. He has been incarcerated since the second assault which occurred in a Newport bar on August 28, 2007. This is a Grade C violation, and the guideline range for a revocation sentence is five to eleven months. Defendant is also subject to a further term of supervised release of up to twenty-five months and twenty-four days.

Both parties argued for a time-served sentence and no further supervised release. The Government asserts that it has done all it can do for Defendant and has expended significant time and resources on Defendant without any success. It contends that Defendant's petty offenses are better dealt with by state authorities at this time.

As to supervised release, I readily concur that a further term would not be productive. As to the time-served proposal, the answer is not as clear. My initial instinct was to recommend a maximum sentence of eleven months to protect the public from Defendant's violent outbursts and Defendant from himself. Defendant's Probation Officer, however, made a compelling argument for a time-served sentence to be followed by one-month of supervised release. He indicated that he is in a better position now to connect Defendant with treatment providers than he would be a year from now. He stated that he was in contact with providers anticipating Defendant's release from state prison. On balance, I agree with the parties' recommendation and recommend that Defendant be released on a time-served[1] sentence with one month of supervised release.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be released on a time-served sentence to be followed by a final one-month period of**

---

[1] Taking into account Defendant's state sentence, a total time-served sentence will near five months (the guideline minimum) by the time Defendant appears for final sentencing.

**supervised release to allow Defendant's Probation Officer to assist him in coordinating post-release mental health and/or substance abuse treatment for Defendant.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. LR Cv 72; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 26, 2007